UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC J. MAPES, | ) |
|                     Plaintiff, | ) |
| v. | ) No. 1:20-cv-01071-SEB-MJD |
| STATE OF INDIANA, AMY M. JONES, RYAN WILSON MEARS, CURTIS THELOPOLIS HILL, CALE J. BRADFORD, LORETTA H. RUSH, | ) |
|                     Defendants. | ) |

## ORDER

*Pro se* Plaintiff Eric J. Mapes has filed a Complaint without prepaying the filing fee. This Order addresses Plaintiff's Motion to Proceed *In Forma Pauperis* [Dkt. 3], discusses whether the Court must abstain from exercising jurisdiction in this case, and screens Plaintiff's Complaint [Dkt. 1].

### Motion to Proceed *In Forma Pauperis*

Plaintiff's motion to proceed *in forma pauperis* [Dkt. 3] is GRANTED. 28 U.S.C. § 1915(e). While *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the $350.00 filing fee, the plaintiff remains liable for the full fees. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). No payment is due at this time.

## The Complaint

In this, Plaintiff's latest complaint filed in federal court,[1] he names as defendants the State of Indiana, the Marion County prosecutor, three Indiana state court judges, and the Indiana attorney general (the Defendants). The complaint invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331. More specifically, Plaintiff recites a laundry list of federal statutes and constitutional provisions, among them the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the First and Fourteenth Amendments, which he asserts the Defendants have violated. The Plaintiff's complaint concerns a state court criminal proceeding currently pending against him in Marion Superior Court, case number 49G08-1901-CM-002715. That case arose from Plaintiff's arrest on January 21, 2019 for trespassing at a CVS store. Plaintiff asserts that throughout the criminal proceeding, the Defendants have violated his federal constitutional and statutory rights. He asks this Court to order that the state court case against him be dismissed

---

[1] A PACER query reveals that, since June of 2016, Mr. Mapes has filed no fewer than nine separate actions in three different United States District Courts. These actions have spawned at least five appeals. *See Mapes v. Heath*, No. 3:16-cv-00144 (D. Alaska Aug. 1, 2016) (dismissed on screening for failure to state a claim); *Mapes v. State of Alaska*, No. 3:16-cv-00179-RRB (D. Alaska Aug. 30, 2016) (dismissed on screening for failure to state a claim), *appeal dismissed as frivolous*, No. 16-35865 (9th Cir. Apr. 24, 2017); *Mapes v. Myers*, No. 1:17-cv-001396-WTL-DML, 2017 WL 1957876 (S.D. Ind. May 10, 2017) (dismissed on screening for failure to state a claim); *Mapes v. Indiana Court of Appeals*, No. 1:17-cv-002591-JMS-TAB, 2017 WL 4583510 (S.D. Ind. Aug. 14, 2017) (dismissed on screening for failure to state a claim), *appeal dismissed for failure to timely pay docketing fee*, No. 17-2691 (7th Cir. Oct. 26, 2017), *cert. denied*; *Mapes v. State of Texas*, No. 7:18-cv-00170-DC, 2018 WL 9786073 (W.D. Tex. Oct. 1, 2018) (dismissed on screening for failure to state a claim, frivolousness, and lack of jurisdiction), *appeal dismissed for want of prosecution*, No. 18-50864 (5th Cir. Apr. 11, 2019); *Mapes v. State of Indiana*, No. 1:19-cv-000691-JMS-TAB (S.D. Ind. Feb. 21, 2019) (dismissed on screening for failure to state a claim), *affirmed*, 932 F.3d 968, 970 (7th Cir. 2019) (per curiam); *Mapes v. Hatcher*, No. 1:19-cv-02162-TWP-MJD (S.D. Ind., filed May 30, 2019), *appeal of interlocutory order dismissed*, No. 20-1022 (7th Cir.); *Mapes v. Office of Hearing Operations*, No. 1:20-cv-00029-TWP-TAB (S.D. Ind. Mar. 5, 2020) (dismissed on screening for failure to state a claim); *Mapes v. Magnuson*, No. 1:20-cv-00030-JMS-TAB (S.D. Ind. Feb. 20, 2020) (dismissed on screening for failure to state a claim).

and for this Court to "resolve[]" the "Jurisdictional issues and Federal ingredients" he claims are at issue in his criminal case.[2]

### **Abstention under *Younger v. Harris***

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). And "once a state prosecution begins, the state court is the right place for the federal defense." *City of S. Bend v. S. Bend Common Council*, 865 F.3d 889, 893 (7th Cir. 2017) (summarizing the holding of *Younger*).

Under the doctrine articulated in *Younger*, a federal court must abstain from exercising jurisdiction over a case when (1) there are pending state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Trust & Investment Advisers, Inc. v. Hogsett,* 43 F.3d 290, 295 (7th Cir.1994) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). When these criteria are met, "a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief." *Juidice v. Vail,* 430 U.S. 327, 337 (1977).

All three *Younger* criteria are met here. First, as Plaintiff's Complaint makes clear, he asks this Court to enjoin his state court criminal proceeding. Second, it is widely accepted that states have an important interest in enforcing their criminal laws. *See, e.g.*, *Young*, 401 U.S. at 45 ("Ordinarily, there should be no interference with such [prosecutorial] officers; primarily, they are

---

[2] Plaintiff previously sued the State of Indiana, the Marion County prosecutor, the Indianapolis Metropolitan Police Department, CVS, and others on claims arising out of the same incident and the resulting criminal charges. That case was dismissed on screening for failure to state a claim on which relief could be granted. *Mapes v. State of Indiana*, No. 1:19-cv-000691-JMS-TAB (S.D. Ind. Feb. 21, 2019), *affirmed*, 932 F.3d 968, 970 (7th Cir. 2019) (per curiam). That dismissal operated as an adjudication on the merits, and any claims raised again here are barred under the doctrine of *res judicata*. *See Coleman v. Labor and Indus. Review Comm'n of Wis.*, 860 F.3d 461, 469 (7th Cir. 2017).

charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.") (alteration added, internal quotation omitted).  Third, Plaintiff has an adequate opportunity to present his federal issues in the state court proceeding.  Plaintiff has the burden of showing that the state litigation, taking place in a judicial forum and providing for an appeal to any party affected by an adverse resolution of the claims asserted there, does not provide an adequate remedy for his federal claims. *See 31 Foster Children v. Bush,* 329 F.3d 1255, 1279 (11th Cir. 2003). "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Id.* (quoting *Middlesex,* 457 U.S. at 431). Thus, a federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* at 1279 (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 15 (1987)).  As Plaintiff's own Exhibit 1 demonstrates, he has already availed himself of the state court appellate process, and his improper interlocutory appeal was dismissed without prejudice for lack of appellate jurisdiction.  The state proceeding is ongoing, and Plaintiff may appeal any adverse decision according the Indiana Rules of Appellate Procedure.

Because this Court must abstain from exercising jurisdiction pursuant to *Younger*, it must dismiss Plaintiff's Complaint.

## Screening Under 28 U.S.C. § 1915

Even if the Court were not prevented from exercising jurisdiction by *Younger*, it must nevertheless dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2). In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006.). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). It is not enough for Plaintiff to say that he has been illegally harmed. He must also state enough facts in his Complaint for the Court to infer the ways in which the named Defendants could be held liable for the harm alleged. *Pro se* complaints such as Plaintiff's are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

As noted above, Plaintiff's Complaint names six defendants and sets forth a laundry list of federal laws that he claims were violated. The bulk of Plaintiff's factual recitation concerns the events at CVS on January 21, 2019 culminating in his arrest. Nowhere does he mention the Defendants by name or explain what each defendant did to him. Rather, he states his vague conclusions that in the criminal litigation he "asserted his rights on numerous occasions . . . and the Court moved forward in the case knowing it directly conflicts with the laws of the United States and the Constitutional guarantees"; and that he appealed an order of the trial court denying his rights and his appeal "was refused by the Indiana Court of Appeals while ignoring the Collateral issues in error nor corrected in [the appellate case] nor his rights equally protected by the Appellate Court." [Dkt. 1 at 5-6]. Finally, Plaintiff complains:

> [T]he Chief Judge of the Indiana Supreme Court declared [i]n an Order that the Marion County Court has jurisdiction over cases involving Federal ingredients and

> deprived and infringed upon collateral rights that fall under the Americans with Disabilities [Act] and has declared also by that Order's action that Constitutional guarantees may also be allowed to be infringed upon by the Court of Appeals and the Marion County Trial Court.  The Order shows a direct prejudicial bias to the rights and laws of the United States codified in and under the Americans with Disabilities Act and that Order refused the injunction and appeal over Collateral rights and the rights of [Plaintiff] in all of the Court's Official Capacities and abuse of power shown not only impinging upon those rights and laws those Courts are and Judges are bound by oaths to uphold and have infringed upon those rights that prohibit this type of retaliation and abuse[.]

[Dkt. 1 at 5-6].

As an initial matter, judges and prosecutors are absolutely immune from suits based on actions taken in their official capacities.  *See* 42 U.S.C. § 1983 ("injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity"); *Haas v. Wisconsin*, 109 Fed. Appx. 107, 114 (7th Cir. 2004) (citing § 1983 immunity in rejecting arrestee's claims against state court judge for damages and injunctive relief); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992) (affirming dismissal of criminal defendant's claims against prosecutor on the basis of immunity).

Furthermore, giving Plaintiff's Complaint a liberal construction, the Court cannot discern within it any plausible federal claim against any defendant.  *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Plaintiff's vague allegations of "infring[ment] upon collateral rights," "prejudicial bias," "abuse of power," and the like are insufficient to alert the Court or the Defendants to what particular actions Plaintiffs assert the Defendants are liable for.

In sum, Plaintiffs' Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because the Defendants are shielded by absolute immunity and the Complaint fails to state a claim upon which relief can be granted.

**Conclusion**

As discussed above, the Court is precluded from exercising jurisdiction in this case. In addition, the Defendants are immune from suit and Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint is DISMISSED for these reasons. This dismissal is without prejudice, meaning that Plaintiff may file a new complaint addressing the issues set forth in this Order. Plaintiff must file an amended complaint WITHIN THIRTY DAYS of the date of this Order or he will lose his lawsuit for good.

IT IS SO ORDERED.

Date: 4/27/2020

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Eric J. Mapes
P.O. Box 47181
Indianapolis, IN 46247-0181